**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN DOE,

    Plaintiff,

v.                                                      Case No. 19-10977

GRETCHEN WHITMER and
JOSEPH GASPER,

    Defendants.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION
TO DISMISS AND STAYING CASE PENDING THE RESOLUTION
OF *DOES II* CERTIFIED CLASS ACTION**

In the Amended Complaint, Plaintiff John Doe brings several constitutional challenges to Michigan's Sex Offender Registration Act ("SORA"). Defendants filed a motion to dismiss, arguing that Plaintiff is a member of the mandatory, certified class in *Does v. Snyder*, No. 16-cv-13137 ("*Does II*") and as such, Plaintiff cannot separately litigate his challenges to SORA. In response to the motion, Plaintiff concedes that his claims under the ex post facto clause are preempted by *Does II*. However, Plaintiff argues that his complaint should not be dismissed because his substantive due process (Count III), procedural due process (Count IV), equal protection (Count V), and Eighth Amendment (Count VII) claims are not implicated by *Does II*. Additionally, Plaintiff argues that his status as a juvenile offender distinguishes him from the *Does II* class. The court ordered Defendants to submit additional briefing addressing the impact of Plaintiff's status as a juvenile offender on his ability to individually litigate the claims which he asserts fall outside of *Does II*.

In their supplemental brief, Defendants request alternative and lesser relief in the form of a stay pending the resolution of *Does II* and *People v. Betts*, No. 148981 (Mich.). *Betts* is currently pending before the Michigan Supreme Court and also involves constitutional challenges to SORA. Defendants argue that the significance, if any, of Plaintiff's status as a juvenile offender will not become apparent until the resolution of these cases. Based on the parties' filings, the court is not persuaded that dismissal is appropriate at this stage in the case, but the court will stay the case pending the resolution of *Does II*.

Contrary to Defendants' assertions, the issues presented in *Betts* are not identical to the questions of law in this case. (ECF No. 25, PageID.435–36 (listing questions presented in *Betts*).) However, as this court has previously observed in other cases, *Does II* has the potential to drastically redefine the legislative landscape of SORA. In so doing, *Does II* also has the potential to redefine or moot many of Plaintiff's claims in this case. The court finds that the interests of judicial economy, particularly the need to avoid inconsistent judgments, support staying this case until the resolution of *Does II*. Therefore, the court will deny without prejudice Defendants' motion to dismiss and will stay the case pending the resolution of *Does II*. After the resolution of *Does II*, either party can lift the stay by filing a notice with the court on the docket for this case. Upon the filing of a notice, the court will schedule a telephonic status conference with the parties to discuss next steps. This order of stay is not a ruling on any of the merits of Defendants' motion to dismiss or Plaintiff's claims. Accordingly,

IT IS ORDERED that the case is STAYED pending the resolution of *Does II*.

IT IS FURTHER ORDERED that Defendants' motion to dismiss (ECF No. 17) is DENIED WITHOUT PREJUDICE. Defendants may refile the motion, or refine and file anew, as may be necessary, after lifting of the stay.

                                                s/ Robert H. Cleland            /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: January 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2020, by electronic and/or ordinary mail.

                                                s/ Lisa Wagner                 /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\19-10977.DOE.staying.case.HEK.RHC.docx